UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Julie Abelev | Robert Besser | |

**Proceedings:** DEFENDANT CONCORD MUSIC GROUP, LLC'S MOTION TO DISMISS (Dkt. No. 53, filed March 31, 2015)

## I. INTRODUCTION

On December 2, 2014, plaintiff Donald Hepburn ("plaintiff" or "Hepburn") filed this action against defendants Concord Music Group, L.L.C. ("Concord"); Universal Music Group, Inc.; Sony Music Entertainment, Inc.; Third Story Music, Inc. / Six Palms Music Corp.; Rykomusic, Inc.; Ryko Corporation; and Does 1 through 5. Dkt. No. 1 (Compl.). Concord is the only remaining defendant.[1] Plaintiff seeks declaratory relief and an accounting concerning Concord's interests in certain copyrights. The complaint asserts subject matter jurisdiction on the bases of federal question and diversity jurisdiction. Id. ¶¶ 9–10.

On March 31, 2015, Concord filed a motion to dismiss the complaint on the grounds that (1) this Court lacks subject matter jurisdiction over the action, and (2) the complaint fails to state a claim. Dkt. No. 53. Hepburn opposed the motion on April 13, 2015. Dkt. No. 54. Concord filed a reply on April 20, 2015. Dkt. No. 55. Concord's

---

[1] On February 25, 2015, Hepburn stipulated to dismiss Third Story Music Inc. / Six Palms Music Corp., Ryko Corporation, and Rykomusic, Inc. Dkt. Nos. 45, 46. On March 30, 2015, Hepburn stipulated to dismiss Sony Entertainment, Inc., Dkt. No. 51, and filed a notice of dismissal as to Universal Music Group, Inc., Dkt. No. 52. Hepburn represents that each of these defendants "has voluntarily provided an accounting of sorts," and that as Hepburn "received information about his royalties and ownership interests, he dismissed the defendants without prejudice." Opp'n at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

motion is presently before the Court. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

### A.    Factual Allegations of the Complaint

Hepburn is a keyboardist and songwriter who was a member of a musical band called "Pleasure," which was active from 1972 to 1982. Compl. ¶ 13. In 1974, the band's producer, Wayne Henderson, entered the band into a "Record Company Agreement" with a company called Fantasy Records. Id. ¶ 21. Pleasure recorded six albums with Fantasy Records, and one album with RCA Records. Id. ¶ 13. Hepburn alleges that he "is the author or co-author" of Pleasure songs referenced in the complaint. Id. He attaches "[a] selection" of these songs in an exhibit to the complaint, and names in the complaint additional songs that have been "sampled by other artists." See id. ¶ 14 & Attach. A.

Hepburn alleges that in the years since Pleasure broke up, he has "received few royalty payments for his compositions," even though the compositions have been used in media outlets and sampled by other artists. Id. ¶ 14. Hepburn further alleges that several albums containing Pleasure music have recently been released. For example, Hepburn asserts that in 2006, Fantasy Records—which he alleges to be "the predecessor of Concord"—released an album compilation entitled *Dust Yourself Off/Accept No Substitutes* that includes Pleasure songs. Id. Hepburn also submits that in September 2013, Concord re-released several Pleasure songs on the album *Glide: The Essential Selection 1975–1982*. Id. ¶ 16. Hepburn alleges that the *Glide* album was released under the Decision Records label, which "may be an affiliate of Fantasy Records." Id. Hepburn contends that all of these "albums and songs were published without [Hepburn's] input," and that "he has not received any royalties from them." Id. ¶ 17. With regard to royalty statements provided to him by Fantasy Records, as well as checks issued by publishing agencies and other documents concerning royalties, plaintiff asserts that these documents "do not specify the titles, amounts sold, or the sources for the amounts," making it "difficult for Hepburn to trace the ownership and licensing of his individual songs, as well as monitor the songs' status and commercialization." Id. ¶ 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

Hepburn alleges that some of the companies to have owned rights in Pleasure's music have undergone mergers and acquisitions that complicate the current state of ownership of rights to the Pleasure songs. For example, he asserts that Fantasy Records completed a merger and transferred its catalogue to Concord. Id. ¶ 24. Hepburn contends: "In view of the many entities that have worked with Pleasure, published the band's compositions, or held royalty privileges, Hepburn lacks sufficient information and access to secure his rights, requiring the cooperation and participation of" the defendants named in his complaint. Id. ¶ 25. Plaintiff alleges that the defendants or their assignees "have and are continuing to receive payments from the reproduction, use or other exploitation of the compositions performed and/or written by Hepburn as a member of Pleasure," as "evidenced by the extensive sampling of Pleasure songs and the recent release of the *Glide* album without Hepburn's consent." Id. ¶ 32.

### B.    Hepburn's Claims for Relief

In his first claim for relief, Hepburn alleges that an actual controversy exists between him and defendants "concerning who has an ownership interest in the copyrights [and] who must provide Hepburn an accounting of royalties and profits." Id. ¶ 27. He asserts that various "mergers, transfers, and shell companies" have "made tracking the Pleasure songs' chain of title highly difficult," so that only defendants "are in a position to clarify how and why they respectively received ownership, control, or management rights." Id. Hepburn alleges that the "issuance of declaratory relief by this Court of which of the [defendants] should provide an accounting under the Copyright Act, due to an ownership, licensee, transferee, or management interest, will terminate the existing controversy and allow Hepburn to move forward with infringement actions against the appropriate parties." Id. ¶ 28. To this end, Hepburn contends that the Court "must declare" the defendants' "status as assignees, transferees, licensees, and managers." Id. ¶ 31. Hepburn seeks judicial declarations of (1) "the respective interests of each Defendant in the relevant Pleasure copyrights," and (2) "which Defendants the Plaintiff may pursue in a copyright infringement action for the Pleasure compositions sampled and featured in the newly released *Glide* album." Id. at 9.

In his second claim for relief, Hepburn alleges that he "has a right to demand an accounting from the listed [defendants] under the Copyright Act," but "lacks sufficient information to know the nature of" those entities' respective interests, and that "[g]aining such information is the purpose of this accounting action." Id. ¶ 30. In the alternative,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

Hepburn seeks an accounting under California common law. Id. ¶ 31. He alleges "improper use of Pleasure compositions in the distribution of the *Glide* album" and other acts, but states that "tracking the movement of Hepburn's compositions and [the parties'] various interests [is] difficult," and that an "accounting is necessary to determine the exact amount of all monies, revenues, profits, and property and the proceeds thereof received by the [defendants] and owed to Hepburn." Id. ¶ 33. He seeks an accounting of sums and money received by each defendant in connection with the exploitation of Pleasure compositions listed in his complaint, as well as an explanation from each defendant of "the chain of title" for those compositions. Id. at 9–10.

### III.   LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that a federal court lacks subject matter jurisdiction. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). If jurisdiction is based on diversity of citizenship, the pleader must show complete diversity and that the asserted claim places more than $75,000 in controversy.

### IV.   ANALYSIS

Concord argues that the complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim. Because a federal court "may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits," Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999), the Court first analyzes whether it has jurisdiction over this action. Determining that it lacks jurisdiction, the Court does not consider whether the complaint states a claim under Rule 12(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

### A.  The Court Lacks Subject Matter Jurisdiction.

Hepburn alleges that this Court has both federal question and diversity jurisdiction over his action.  Compl. ¶¶ 8–9.  The Court addresses each ground in turn.

####   1.  This Action Does Not Arise Under Federal Law.

The Declaratory Judgment Act, 28 U.S.C. § 2201, "permits a federal court to 'declare the rights and other legal relations' of parties to a case of actual controversy."  Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981).  There must be an independent jurisdictional basis to bring an action under the Declaratory Judgment Act, which "does not itself confer federal subject matter jurisdiction."  Fidelity & Cas. Co. v. Reserve Ins. Co., 596 F.2d 914, 916 (9th Cir. 1979).  Additionally, there must be an actual Article III case or controversy between the parties.  Hunter Eng'g Co., 655 at 942.

Hepburn alleges that this action is "based solely on Copyright Act principles, not state contract law."  Id. ¶ 8.  Federal courts have exclusive jurisdiction over cases "arising under" the Copyright Act.  28 U.S.C. § 1338(a).  "However, a case does not arise under the federal copyright laws . . . merely because the subject matter of the action involves or affects a copyright."  Topolos v. Caldeway, 698 F.2d 991, 993 (9th Cir. 1983); see, e.g., Danks v. Gordon, 272 F. 821, 827 (2d Cir. 1921) (holding suit involving copyright royalties owed by contract did not arise under federal law).  To determine whether a case "arises under" the Copyright Act, the Ninth Circuit has adopted the T.B. Harms test, under which a district court has jurisdiction only if: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims."  Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 986 (9th Cir. 2003).

Applying this test, Hepburn's claims for declaratory relief and accounting do not arise under the Copyright Act.  First, Hepburn does not seek a remedy "expressly granted" by the Copyright Act, as the text of that Act does not provide for declaratory relief or an accounting of the type Hepburn requests.  See 17 U.S.C. §§ 502–05 (listing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

civil remedies for infringement).[2]  Second, the complaint does not indicate that it will require interpretation of the Copyright Act; rather, the relief Hepburn requests involves ascertaining and untangling a complicated "chain of title" and determining "how and why [defendants] respectively received ownership, control, or management rights" through a series of "mergers, transfers, [] shell companies," and "royalty privileges." See Compl. ¶¶ 25, 27.  Finally, no "distinctive policy of the Act requires that federal principles control the disposition of the claim." T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964).  "The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test." Id.

The Court is not persuaded by Hepburn's argument that his claim arises under the Copyright Act because he alleges ownership of copyrights based on co-authorship, and not by virtue of contract.  Compl. ¶ 8; Opp'n at 8.  Hepburn correctly notes that "a determination of copyright ownership based on a disputed allegation of co-authorship presents a federal question that arises under, and must be determined according to, the Copyright Act." Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik, 510 F.3d 77, 86 (1st Cir. 2007).  However, the complaint does not seek a determination based on copyright law of a "disputed allegation of co-authorship." Id.  Rather, Hepburn seeks declarations of (1) "the respective interests of each Defendant in the relevant Pleasure copyrights," and (2) "which Defendants the Plaintiff may pursue" in a yet-to-be-filed

---

[2]Hepburn cites Taylor v. Merrick, 712 F.2d 1112 (7th Cir. 1983) for the proposition that he has a right to an accounting under the Copyright Act, 17 U.S.C. § 504(b).  Compl. ¶ 30.  But the portion of Taylor that he cites states: "[i]t is too much to ask a plaintiff who has proved infringement also to do the defendant's cost accounting." 712 F.2d at 1121–22 (emphasis added).  This portion of Taylor, and the statute Heburn cites, discuss the duty of a defendant found liable for infringement to "prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work," after the infringement plaintiff "present[s] proof [] of the infringer's gross revenue." 17 U.S.C. § 504(b).  These authorities are inapposite because Hepburn has not even asserted a claim for copyright infringement, much less presented proof of Concord's gross revenue; indeed, he explicitly states that he wishes to initiate separate, future "infringement actions" once this case has concluded.  Compl. ¶ 28.  That such a future proceeding might seek statutory royalties and damages does not change the nature of the remedies sought in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

"copyright infringement action" involving those copyrights. Compl. at 9. Determining what, if any, interests Concord has in the Pleasure copyrights will require the interpretation of contracts and other chain of title documentation, not the Copyright Act. Indeed, Hepburn expressly states in his complaint that "the Court must declare" the defendants' "status as assignees, transferees, licensees, and managers" of the various copyrights. Id. ¶ 31.

As the Ninth Circuit has stated:

> If [the] claim involves copyright infringement or other matter directly related to the interpretation and enforcement of the Copyright Act, jurisdiction has been upheld. On the other hand, where it has been determined that the claim is essentially for some common law or state-created right, most generally for a naked declaration of ownership or contractual rights, jurisdiction has been declined, even though the claim might incidentally involve a copyright or the Copyright Act.

Topolos, 698 F.2d at 993 (quoting Royalty Control Corp. v. Sanco, Inc., 175 U.S.P.Q. 641, 642 (N.D. Cal. 1972)). In deciding on which side of this line an action falls, courts look to "the 'primary and controlling purpose' of the suit, the 'principal issue,' the 'fundamental controversy,' and the 'gist' or 'essence' of the plaintiff's claim." Id. (citations omitted); see also Peay v. Morton, 571 F. Supp. 108, 115 (M.D. Tenn. 1983) (finding no federal jurisdiction because "the 'essence of the plaintiff's claim' is a declaratory judgment action to establish title to a work in statutory copyright")

Although Hepburn's counsel has attempted to cast his claim for declaratory relief as relating to Hepburn's ownership interest in portions of Hepburn's opposition and at oral argument, the complaint itself only seeks declarations relating to the defendants' interests in the Pleasure songs, which plaintiff alleges must be determined by looking to complex "chain[s] of title" complicated by numerous "mergers and acquisitions" and the "many entities that have . . . held royalty privileges" in the songs at issue.[3] Compl. ¶¶ 24,

---

[3] Because the T.B. Harms test is essentially a restatement of the well-pleaded complaint rule, Scholastic Entm't, 336 F.3d at 986, the claims alleged and the relief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

25, 27, 31 & p. 9. Such an adjudication will not require interpretation of the Copyright Act, and does not arise under federal law. See Muse v. Mellin, 212 F. Supp. 315, 318 (S.D.N.Y. 1962) ("The primary and controlling purpose of the [declaratory judgment] complaint is to secure an interpretation of the various assignments of the one-third interest. Of such suits the federal courts lack jurisdiction."). This is so even if Hepburn's own interest in the compositions arose by virtue of co-authorship rather than contractual transfer. See Rotardier v. Entm't Co. Music Grp., 518 F. Supp. 919, 920–21 (S.D.N.Y. 1981) (granting motion to dismiss declaratory and injunctive action for lack of federal jurisdiction because the principal issue was "who owns title to the copyright" of a musical composition, even though the plaintiff composed the musical piece at issue). In sum, this action does not "arise under" the Copyright Act so as to confer federal question jurisdiction.[4]

> 2. Plaintiff Has Not Established A Sufficient Amount in Controversy to Establish Diversity Jurisdiction.

Hepburn also alleges diversity jurisdiction under 28 U.S.C. § 1331(a)(1), which confers original jurisdiction in the district courts over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000, exclusive of interest and costs. For diversity purposes, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Hepburn alleges (and Concord does not contest) that he resides in Bothell, Washington, and that Concord and all other named defendants are organized in and have principal places of business in states other than Washington. Thus, the requirement of complete diversity is met.

---

sought in the complaint, not in plaintiff's opposition papers, control. See Keith v. Scruggs, 507 F. Supp. 968, 970 (S.D.N.Y. 1981) ("Plaintiff attempts to distinguish [cases finding no federal jurisdiction] by listing various issues that may require construction of the copyright laws . . . . However, although plaintiff lists these potential issues in his brief, he does not allege the facts underlying them in his complaint.").

[4]This conclusion is bolstered by the fact that plaintiff has voluntarily dismissed the defendants who have provided an "accounting of sorts." That "accounting" seems unlikely to have involved an interpretation of Hepburn's rights under the Copyright Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

Hepburn also alleges that the "amount in controversy, though yet unstated, is reasonably likely to exceed the requisite $75,000 due to Pleasure's popularity as a source of song samples." Id. ¶ 10. In an action seeking declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977). Ordinarily, the plaintiff's good faith claim in the complaint that the amount in controversy exceeds $75,000 controls; however, "bare allegations of jurisdictional facts have been held insufficient to invest a federal court with jurisdiction." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal quotation marks and brackets removed); see Morrision v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000) (finding the amount in controversy not met, despite plaintiff's allegation that it was, because the equitable relief requested had "no reasonably certain monetary value"). In this circuit, "[i]t has long been settled that the requirements of statutes predicating federal jurisdiction on the presence of a specified amount or value in controversy are not met by claims for relief not reducible to monetary statement." See Whittemore v. Farrington, 234 F.2d 221, 225 (9th Cir. 1956).

Hepburn argues that "Concord's actions in depriving him of royalty payments and eroding his ownership interest has a monetary value exceeding $75,000." Opp'n at 6. That may be. But in an action seeking equitable relief, the amount in controversy is "the value of the particular and limited thing sought to be accomplished by the action." Ridder Bros., Inc. v. Blethen, 142 F.2d 395, 399 (9th Cir. 1944). Here, Hepburn does not seek a declaration that Concord has infringed any copyright interest, and a resolution in Hepburn's favor would not force Concord to pay Hepburn any sum, or do anything besides produce or summarize business records. Despite Hepburn's bare allegation that the amount in controversy is "reasonably likely to" be met, the action before this Court does not place into controversy any amount reducible to a monetary value.

Indeed, Hepburn's own jurisdictional allegations show that the amount in controversy to which he refers is the amount that might be at stake in a separate proceeding. Hepburn alleges that the amount in controversy "though yet unstated, is reasonably likely to exceed the requisite $75,000 due to Pleasure's popularity as a source of song samples." Compl. ¶ 9. In context, this indicates that the value of a future suit, which plaintiff hopes to assert after the Court declares which defendants plaintiff "may pursue in a copyright infringement action," id. at 9, may exceed $75,000 because of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'   JS-6

| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

widespread unauthorized use of the copyrighted compositions. This does not establish that "the value of the particular and limited thing sought to be accomplished" by this action exceeds $75,000. See Rapoport v. Rapoport, 416 F.2d 41, 43 (9th Cir. 1969) ("It is well settled that the amount in controversy requirement cannot be met by taking into account any collateral effect which may follow adjudication."); Correspondent Servs. Corp. v. First Equities Corp., 442 F.3d 767, 769–70 (2d Cir. 2006) (finding jurisdictional amount not met in declaratory action despite argument that the claim was brought to avoid liability "in the approximate amount of $10 million," because the actual "object of the litigation" was a certificate of deposit which had no value at the time of filing). Accordingly, plaintiff's claim that his request for declaratory relief places more than $75,000 in controversy is too speculative and indefinite to support federal jurisdiction.[5]

      Nor can Hepburn's accounting claim substantiate his allegation that the amount in controversy is "reasonably likely" to exceed $75,000. "Unless it also features a demand for damages or restitution, or the amount in question indisputably exceeds $75,000, a suit for accounting does not fall within diversity jurisdiction because the 'amount in controversy' is indeterminable." A. Wallace Tashima & James M. Wagstafe, Federal Civil Procedure Before Trial, Calif. & 9th Cir. Eds. § 2:1841 (citing DiTolla v. Doral Dental IPA of New York, LLC, 469 F.3d 271, 277 (2d Cir. 2006)). For example, in DiTolla, the proponents of federal jurisdiction argued that although the plaintiff sought no damages, because he demanded an accounting of all amounts by which a large reimbursement fund had been funded and reduced, he had placed the amount of that fund in controversy. 469 F.3d at 272. Assuming that the fund itself exceeded the jurisdictional requirement, the Second Circuit found that the accounting claim did not place that amount (or any other measurable sum) in controversy. The court reasoned that the complaint sought "only an accounting, the results of which are presently unknown," and that "no one [could] say how much money may ultimately be claimed by" the plaintiff. Id. at 276–77. The Court also finds instructive Sierp v. DeGreen Partners LP,

---

    [5]See also Gonzalez v. Fairgale Props. Co., N.V., 241 F. Supp. 2d 512, 517–18 (D. Md. 2002) (finding declaratory relief sought to be too speculative and immeasurable to satisfy the amount in controversy requirement, because the plaintiff if successful "would simply receive the opportunity to vote on the sale of [] land" rather than "receive a pecuniary gain," and it was "speculative to conclude" that defendants might suffer a pecuniary loss of more than $75,000 in a subsequent lawsuit).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

No. CV-14-02353-PHX-DGC, 2015 WL 464338 (D. Ariz. Feb 4, 2015), in which the complaint sought a court order directing a partnership to produce certain records—similar to the "accounting" Hepburn seeks here.  Id. at *1.  Rejecting the argument that the amount in controversy exceeded $75,000 because of the possibility that, after obtaining the records, the plaintiffs would file civil claims against the partnership, the court reasoned:

> If Plaintiffs find evidence of wrongdoing, the inspection could result in civil claims that are worth more than $75,000.  But deciding whether Plaintiffs will find evidence supporting civil claims, and how much those claims might be worth, is a speculative exercise.  As another court explained, the "liberal standard for jurisdictional pleading is not a license for conjecture."

Sierp, 2015 WL 464338, at *2 (quoting Morrison, 228 F.3d at 1268).

      Here, Hepburn's accounting claim cannot support an amount in controversy exceeding $75,000 because, regardless of how much Hepburn might seek in a later infringement action (if he files one), the relief actually requested—a statement of the revenue Concord has received from exploiting Pleasure songs, as well as an explanation of the chains of title relating to those songs—is irreducible to a monetary value.  Put differently, the fact that an accounting might reveal that Hepburn could sue Concord for an amount exceeding $75,000 in a future proceeding does not mean that the present claim for an accounting places that amount in controversy.  For these reasons, the Court concludes that it lacks subject matter jurisdiction.

      **B.**    **Hepburn's Request for Declaratory Relief Does Not Present an Actual Case or Controversy Because Hepburn Seeks an Advisory Opinion.**

      Independently of the lack of subject matter jurisdiction discussed above, the Court additionally concludes that Hepburn's request for declaratory relief is improper because it seeks an advisory opinion.  To determine whether an Article III case or controversy exists, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). "The disagreement [underlying the declaratory action] must not be nebulous or contingent but must have taken on a fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1157 (9th Cir. 2007) (brackets in original) (quoting Pub. Serv. Comm'n v. Wycoff, 344 U.S. 237, 244 (1952)). This "case or controversy" requirement ensures that the court "does not render an impermissible advisory opinion." Veoh Networks, Inc. v. UMG Recordings, Inc., 522 F. Supp. 2d 1265, 1268 (S.D. Cal. Nov. 14, 2007) (citing Flast v. Cohen, 392 U.S. 83, 95–96 (1968)). The declaratory judgment claimant bears the burden of establishing that an actual case or controversy exists. Arris Grp., Inc. v. British Telecomm. PLC, 639 F.3d 1368, 1373–74 (Fed. Cir. 2011).

As pleaded, the complaint invites an advisory opinion by seeking "a judicial declaration of which Defendants the Plaintiff may pursue in a copyright infringement action." Compl. at 9. As a leading treatise has explained, a complaint pleaded under the Declaratory Judgment Act "must be complete in itself and stand or fall on its own merits; it cannot be used as a vehicle for searching out and discovering whether a right of action exists." 5 Wright & Miller, Federal Practice & Procedure § 1238 (3d ed. Sept. 2014) (quoting Pomerantz v. Jean Vivaudou Co., 65 F. Supp. 948, 949 (S.D.N.Y. 1946) (same)). Plaintiff's complaint essentially seeks legal advice from this Court, and adjudication of it would not resolve any "fixed and final" dispute. See Klinger v. Conan Doyle Estate, Ltd., 755 F.3d 496, 498–99 (7th Cir. 2014) ("It would be very nice to be able to ask federal judges for legal advice . . . . but that would be advisory jurisdiction, which . . . is . . . inconsistent with Article III's limitation of federal jurisdiction to actual disputes, thus excluding jurisdiction over merely potential ones.").

For this additional reason, it would not be proper for the Court to exercise jurisdiction over plaintiff's declaratory relief action. And plaintiff's allegations show that his claim for accounting depends on his request for declaratory relief. See Compl. ¶ 30 ("Which Stakeholders are responsible for providing this accounting is to be determined by this Court under the declaratory relief requested in the First Cause of Action."). Accordingly, this action must be dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'    JS-6

| Case No. | 2:14-cv-09237-CAS(RZx) | Date | May 4, 2015 |
|---|---|---|---|
| Title | DONALD HEPBURN v. CONCORD MUSIC GROUP, LLC, ET AL. | | |

## V.  CONCLUSION

The Court lacks subject matter jurisdiction over this action because the complaint does not establish a federal question or the requisite amount in controversy for diversity jurisdiction, and because the complaint seeks an advisory opinion.  For these reasons, the Court **GRANTS** Concord's motion to dismiss for lack of federal subject matter jurisdiction, without prejudice.

IT IS SO ORDERED.

|  |  | 00 | : | 11 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |